IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TYE ROBERTS, #441672, | ) | |
| Plaintiff(s), | ) | No. C 13-2154 CRB (PR) |
| vs. | ) | ORDER OF DISMISSAL |
| SAN FRANCISCO COUNTY JAIL, | ) | |
| Defendant(s). | ) | |

Plaintiff, a prisoner at the San Francisco County Jail (SFCJ), has filed a pro se complaint under 42 U.S.C. § 1983 alleging that on March 19, 2013 another inmate approached him and punched him, and fractured his jaw. Plaintiff had surgery the next day and was rehoused promptly, but now seeks damages from SFCJ for "pain and suffering" because the assault occurred in SFCJ's "housing area."

**DISCUSSION**

A. <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

It is well settled that neither negligence nor gross negligence is actionable under § 1983 in the prison context.  See Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994).  The applicable standard is one of deliberate indifference to inmate health or safety under the Eighth Amendment.  See id. at 834; Wilson v. Seiter, 501 U.S. 294, 302 (1991).  Even pretrial detainees, who are protected by the Due Process Clause of the Fourteenth Amendment and not the Cruel and Unusual Punishments Clause of the Eighth Amendment, must show deliberate indifference.  See Redman v. County of San Diego, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc).[1]

Although regrettable, plaintiff's allegations that he was assaulted by another inmate in SFCJ's housing area amount to no more than a possible claim for negligence against SFCJ not cognizable under § 1983.  See Farmer, 511 U.S.

---

[1] Nor is negligence actionable under § 1983 outside of the prison context. The Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process.  See County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998); Davidson v. Cannon, 474 U.S. 344, 348 (1986).

2

at 835-36 & n.4. Perhaps SFCJ should have done more to prevent this sort of unexpected assault, as plaintiff suggests; but there is no indication whatsoever that SFCJ officials were deliberately indifferent to plaintiff's safety because they knew of and disregarded an excessive risk to plaintiff's safety by failing to take reasonable steps to abate it. See id. at 837.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED for failure to state claim under the authority of 28 U.S.C. § 1915A(b).

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.

SO ORDERED.

DATED:  May 24, 2013

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.13\Roberts, T.13-2154.dismissal.wpd

3